UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL FAVELA,<br><br>Petitioner,<br><br>v.<br><br>TRENT ALLEN,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-01264-TWP-TAB |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Petitioner Daniel Favela's Petition for Writ of Habeas Corpus. (Dkt. 1). Mr. Favela seeks relief from his conviction and sanctions in prison disciplinary case ISR 24-09-2767. For the following reasons, his petition is **denied**, and this action is **dismissed with prejudice.**

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On September 5, 2024, Incarcerated Individual ("I.I.") Tabin Lett, a member of Maniac Latin Disciples, and I.I. Stoney Johnson, a member of Imperial Gangster, assaulted with weapons I.I. Ernesto Ramirez, a member of the Spanish Ganster Disciples. Dkt. 10-1 (conduct report). Investigator Kiersznowski investigated the assault for three weeks. *Id.* Based on interviews, phone calls, GTL messages, video evidence, and his training and experience as an investigator, he determined that Mr. Favela, who is a Maniac Latin Disciple and statewide president for Latin Folks, "ordered a hit" on Mr. Ramirez. *Id.* Investigator Kiersznowski charged Mr. Favela with offense A-100, violation of state law, for causing the attempted murder in violation of Indiana Code sections 35-42-1-1; 35-41-5-1; 35-41-2-4. *Id.*

On October 3, a screening officer notified Mr. Favela of the charge and provided him with a copy of the conduct report and the screening report. Dkt. 10-3. Mr. Favela was notified of his rights and he pleaded not guilty. *Id.* Mr. Favela requested I.I. Lett and I.I. Johnson as witnesses to testify to "was [he] involved?" *Id.* He also requested "access to evidence in file," which prison officials denied because allowing him to view the confidential file would pose safety and security concerns to the facility. Dkt. 10-6; dkt. 10-13.

On October 22, disciplinary hearing officer ("DHO") J. Ernest held a hearing in case ISR 24-09-2767. Dkt. 10-7. Mr. Favela again pleaded not guilty and stated, "How can they say that it was me when they can't show the evidence? You've seen my past conduct. Why would I do this? I've always been the one to keep the peace. I don't work for them." *Id.*

I.I. Johnson provided a statement that "[h]e was not involved in this he wasn't even at rec at that time and didn't know what was going on." Dkt. 10-8 at 1. I.I. Lett stated, "No, the person I got into it with had nothing to do with anybody but me & him. I don't even know why anyone else

came up." *Id.* at 2. Investigator Kiersznowski also provided a statement at the disciplinary hearing that "[e]verything written in the conduct report is still true. You refused to be interviewed." *Id.* at 3.

The DHO and Mr. Favela were not permitted to review the confidential case file because there was an ongoing criminal investigation. Dkt. 10-13. After considering the staff reports, evidence from witnesses, and Mr. Favela's statement, the DHO found Mr. Favela guilty of offense A-100, violation of law. Dkt. 10-7. The DHO reasoned that, "Relied on the investigation from OII stating that there is confidential evidence supporting their claim that I.I. Favela was involved in the assault of I.I. Ramirez." *Id.* The DHO imposed a custodial sanction of a 120-day loss of earned credit time. *Id.*

Mr. Favela's appeals were denied. This habeas action followed.

## III. Discussion

Mr. Favela's claims are discerned as: (1) he was denied evidence; and (2) he was denied an impartial decisionmaker. Dkt. 2 at 2-4. The Court has also considered the sufficiency of the evidence.

### A. Denial of Evidence

Mr. Favela first argues that both he and the DHO were denied access to the confidential file and he was therefore denied requested evidence. Dkt. 2 at 3.

Due process requires that in prisoner disciplinary proceedings, prisoners be given access to material, exculpatory evidence. *Johnson v. Brown,* 681 F. App'x 494, 496-97 (7th Cir. 2017). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). In this case, the conduct report was based on an investigation

consisting of interviews, phone calls, GTL messages, and video evidence. Although the specific findings of the investigation were withheld from Mr. Favela and the DHO because of safety and security concerns, the Court has reviewed the *ex parte* investigative report and concluded that this evidence was not exculpatory.[1] Moreover, if the confidential evidence had been considered by the DHO, it would not have changed the outcome of the hearing. Accordingly, Mr. Favela's due process rights were not violated when the confidential report was not disclosed.

**B. Impartial Decisionmaker**

As noted above, inmates facing disciplinary charges have a due process right to be heard by an impartial decision-maker. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Another possible example of bias is if the DHO were found to have an intimate relationship with a crucial witness in the case. *See Eads vs. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). However, none of those circumstances are alleged here. Mr. Favela does not allege that the DHO was involved in the incident or the investigation thereof, nor that she had an inappropriate relationship with a witness.

[1] The Court has considered the *ex parte* report solely for the purpose of determining whether that evidence was favorable to Mr. Favela. The Court did not rely on the substance of the investigative report in determining whether Mr. Favela's due process rights were violated. *See* dkt. 16 (Order Granting Favela's Objection to *Ex Parte* Exhibits).

Rather, Mr. Favela argues that the investigator was present during the hearing and advised the DHO to find him guilty based on his investigation. Dkt. 2 at 3. The DHO admits that the investigator provided a statement at the hearing but contends that he did not instruct the DHO to find Mr. Favela guilty. Dkt. 10-13 at 2. The investigator's findings as set forth in the conduct report were a substantial part of the evidence, regardless of what was said at the hearing. The investigator's written statement confirmed that the information in the conduct report was true and that Mr. Favela had refused to be interviewed. Dkt. 10-8. None of these circumstances rebut the presumption that the DHO was not biased. This claim fails.

**C. Some Evidence**

Finally, Mr. Favela appears to argue that because the confidential report was not disclosed to him or the DHO, there was no evidence showing that he was guilty of the charge. The Court disagrees.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th

Cir. 2000)). In this case, the conduct report provides "some evidence," that being specific information to support the finding that Mr. Favela caused or induced the attempt by other inmates to murder I.I. Rameriz.

**IV. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings, which entitles Mr. Favela to the relief he seeks. Accordingly, Mr. Favela's Petition for Writ of Habeas Corpus, Dkt. [1] must be **denied** and the action **dismissed with prejudice.**

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/19/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL FAVELA
161375
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov